UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLENN A. COON,<br><br>        Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-05-0339-MWL<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment, noted for hearing without oral argument on September 5, 2006. (Ct. Rec. 13, 17). Plaintiff Glenn A. Coon ("Plaintiff") did not file a reply brief in the case. Attorney Lana C. Glenn represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 17) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

///

## JURISDICTION

On October 22, 1999, Plaintiff protectively filed applications for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB"), alleging disability since August 10, 1999, due to patellar femoral syndrome and problems stemming from being HIV positive. (Administrative Record ("AR") 53-56, 68, 205-211). The applications were denied initially and on reconsideration. A hearing was held before Administrative Law Judge ("ALJ") R. J. Payne on October 5, 2000, and he issued a decision denying benefits on December 28, 2000. (AR 224-231). On February 6, 2003, the Appeals Council granted Plaintiff's request for review, vacated the former hearing decision, and remanded Plaintiff's case for further review. (AR 243-245).

On January 7, 2004, Plaintiff again appeared before ALJ R. J. Payne at which time testimony was taken from Plaintiff, medical expert Dr. Arthur Craig, and vocational expert Debra LaPoint. (AR 394-447). On March 19, 2004, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 18-26). The Appeals Council denied a request for review on August 30, 2005. (AR 8-11). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 27, 2005. (Ct. Rec. 1).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and Plaintiff's brief and will only be summarized here. Plaintiff was 40 years old on the date

of the ALJ's decision. (AR 19). Plaintiff indicated that he completed high school and three years of college. (AR 74). Plaintiff's past relevant work consisted of work as a shipping clerk, a security officer, a store clerk, a metal worker, a cannery worker and a personnel clerk. (AR 69, 437). Plaintiff indicated that he stopped working on October 16, 1998, because the place where he worked had gone out of business. (AR 68).

## **SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If

not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

///

///

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such

///

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## **ALJ'S FINDINGS**

The ALJ found at step one that Plaintiff has engaged in substantial gainful activity since his alleged onset date, August 10, 1999. (AR 20). Specifically, the ALJ noted that Plaintiff's

earning records demonstrated that he earned $7,285 in 2000 and $8,656 in 2001. (AR 20). The ALJ concluded, however, that there had been no evidence that Plaintiff had engaged in any substantial gainful activity since 2001. (AR 25). At step two, the ALJ determined that Plaintiff has the severe impairments of human immunodeficiency virus and is on a military disability for chondromalacia of the knees, but that he does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (AR 25). The ALJ specifically noted that the evidence of record did not support a finding that Plaintiff suffered from a severe mental impairment. (AR 23, 25).

The ALJ concluded that Plaintiff has the RFC to perform a wide range of sedentary level work activity. (AR 22). The ALJ found that Plaintiff maintained at least a two-hour standing and walking capacity, a six-hour sitting capacity, and a 10 pound lifting capacity. (AR 22-23). The ALJ also determined that Plaintiff requires medication, but he retained the ability to be/remain responsive and attentive, and was able to carry out normal work activities. (AR 23).

At step four of the sequential evaluation process, the ALJ found that Plaintiff could perform the exertional requirements of his past relevant work as a personnel clerk. (AR 23). Alternatively, the ALJ determined that, based on Plaintiff's RFC, age, education, and work experience, the Medical-Vocational Guidelines ("Grids") Rules 201.27-29 directed that, at step five of the sequential evaluation process, Plaintiff was not disabled
///

within the meaning of the Social Security Act.  (AR 24).  In addition, the ALJ noted that, based on the vocational expert's testimony and Plaintiff's RFC, age, education, and work experience, there were a significant number of sedentary-level jobs in the national economy which he could perform despite his limitations.  (AR 24, 26).  Examples of such jobs include work as a cashier, a telemarketer, an assembler and an appointment clerk.  (AR 24, 26).  Accordingly, the ALJ determined at step four of the sequential evaluation process, and alternatively at step five, that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 25-26).

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, he argues that:

1. The ALJ erred by finding that Plaintiff was not entirely credible;

2. The substantial weight of the record evidence does not support the ALJ's finding with regard to Plaintiff's residual functional capacity; and

3. The ALJ erred by relying on the vocational expert's testimony because it was based on a hypothetical which failed to include all of Plaintiff's limitations.

This Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

///

///

**DISCUSSION**

**A. Plaintiff's Credibility**

Plaintiff argues that the ALJ's finding that Plaintiff was not credible was not properly supported. (Ct. Rec. 14, pp. 47-49). The Commissioner responds that the ALJ appropriately gave clear and convincing reasons, supported by substantial evidence, to find Plaintiff not credible. (Ct. Rec. 18, pp. 9-10).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit her testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

In this case, consistent with the evidence of record, the ALJ found that, while Plaintiff had been diagnosed with HIV in the Summer of 1999, there was little evidence of any significant limitations. (AR 22). When compliant with treatment for his HIV, it was reported that Plaintiff improved and was doing well. (AR 406). When he was presumptively noncompliant with treatment, his
///
///
///

condition declined.[1] (AR 400). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ also found that Plaintiff's daily activities and exhibited functional capacity level indicates that Plaintiff functions as a level greater than he alleges. (AR 22). It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair*, 885 F.2d at 603. As noted by the Commissioner, Plaintiff's allegations were inconsistent with the record evidence which demonstrates that he was able to attend a bowling tournament, take care of his three year old daughter, drive, stand and walk up to 30 minutes at a time, sit without problem, and lift up to 25 pounds. (AR 369-370, 374, 378).

The ALJ also noted that Plaintiff returned to gainful work activity in 2000 and 2001, earning respectively in each year, $7,285 and $8,656. (AR 20). As noted by the Commissioner, the ability to perform gainful work contradicts Plaintiff's claim of disabling limitations. (Ct. Rec. 18, p. 9).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

---

[1] The medical expert testified that there were no records from August 2000 to June 2002, and, in 2000, it was reported that he had a good response to treatment. (AR 400). In June of 2002, two years later, he was back to pre-treatment status; suggestive of non-compliance with treatment. (AR 400).

*Richardson,* 402 U.S. at 400.  The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405(g).  After reviewing the record, the undersigned finds that the rationale provided by the ALJ was clear and convincing for a conclusion that Plaintiff's allegations were not entirely credible in this case.

**B.  Medical Evidence**

Plaintiff contends that the ALJ erred by improperly rejecting testimony from her treating and examining physicians of record. (Ct. Rec. 14, pp. 38-46, 54-56).  The Commissioner responds that the ALJ properly considered and evaluated the medical evidence of record.  (Ct. Rec. 18, pp. 5-9).

The courts distinguish among the opinions of three types of physicians:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 839 (9th Cir. 1996).  A treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *Fair v. Bowen,* 885 F.2d 597, 604-05 (9th Cir. 1989).  Thus, more weight is given to a treating physician than an examining physician. *Lester*, 81 F.3d at 830.  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability."  *Magallanes v. Bowen,* 881 F.2d 7474, 751 (9th Cir. 1989) (citations omitted).

///

1    The Ninth Circuit has held that "[t]he opinion of a
2 nonexamining physician cannot by itself constitute substantial
3 evidence that justifies the rejection of the opinion of either an
4 examining physician or a treating physician." *Lester*, 81 F.3d at
5 830.  Rather, an ALJ's decision to reject the opinion of a
6 treating or examining physician, may be *based in part* on the
7 testimony of a nonexamining medical advisor.  *Magallanes*, 881 F.2d
8 at 751-55; *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).
9 The ALJ must also have other evidence to support the decision such
10 as laboratory test results, contrary reports from examining
11 physicians, and testimony from the claimant that was inconsistent
12 with the physician's opinion.  *Magallanes*, 881 F.2d at 751-52;
13 *Andrews*, 53 F.3d 1042-43.  Moreover, an ALJ may reject the
14 testimony of an examining, but nontreating physician, in favor of
15 a nonexamining, nontreating physician only when he gives specific,
16 legitimate reasons for doing so, and those reasons are supported
17 by substantial record evidence.  *Roberts v. Shalala*, 66 F.3d 179,
18 184 (9th Cir. 1995).

19    The ALJ determined that Plaintiff retained the RFC to preform
20 a wide range of sedentary level work activities.  (AR 22).
21 Specifically, the ALJ held that Plaintiff maintained at least a
22 two-hour standing and walking capacity, a six-hour sitting
23 capacity, and a 10 pound lifting capacity.  (AR 22-23).  The ALJ
24 also determined that Plaintiff requires medication, but he
25 retained the ability to be/remain responsive and attentive, and
26 was able to carry out normal work activities.  (AR 23).
27 ///
28 ///

1    Plaintiff provides a list of individuals who have treated or
2 examined Plaintiff, including Ann Lucas, Dr. Laney, Mary Noble and
3 VA physicians and social workers, and argues that the ALJ erred by
4 rejecting these physician's opinions in favor of other medical
5 professionals of record. (Ct. Rec. 14, p. 56). However,
6 Plaintiff fails to provide specific argument about any individual
7 physician or medical source opinion that was improperly rejected,
8 and only provides discussion as to the opinions of Ms. Lucas (Ct.
9 Rec. 14, pp. 38-39) and the VA physician reports (Ct. Rec. 14, pp.
10 42-45).
11    The ALJ gave a detailed review and analysis of the record.
12 (AR 20-23). First, the ALJ addressed the medical source evidence
13 which was the subject of the remand, Dr. Steve R. Laney's report.
14 (AR 20, 110-112). Although Dr. Laney marked that Plaintiff was
15 "severely limited" and thus was incapable of lifting at least two
16 pounds and unable to stand and/or walk (AR 111), the ALJ noted
17 that this opinion came at an early stage of Plaintiff's
18 diagnosis/treatment and the evidence of record thereafter
19 demonstrates Plaintiff's continued improvement (AR 20). The
20 record further shows Plaintiff improved to a state where he was
21 able to perform significant substantial gainful work activity.
22 (AR 20). If he continued to be unable to lift two pounds and
23 unable to stand and/or walk for 12 continuous months, he would not
24 have been able to work at substantial gainful employment later in
25 1999 and in 2000.
26    In contrast with Dr. Laney state agency reviewing physicians
27 opined in December of 1999 that Plaintiff was limited to light
28 exertion work activities (occasionally lifting up to 20 pounds,

frequently lifting 10 pounds and standing, walking and sitting about six hours in an eight hour workday). (AR 175-182).

The ALJ further addressed other medical reports of record. The ALJ indicated that an examination of Plaintiff by Robert Rose, M.D., on July 23, 2003, revealed a primary complaint of HIV; however, Dr. Rose found that, with regard to work-related activities and functional capacities, there was no overt physical evidence to restrict exertional capacities in terms of lifting, carrying, standing or walking. Environmental limitations were consistent with normal restrictions as to extremes of temperature, dust, or environmental exposures. (AR 20-21, 308-310).

The ALJ also noted the December 30, 2003 findings of Dr. Osborn. (AR 21, 317-320). Dr. Osborn found that Plaintiff could occasionally lift up to 50 pounds, frequently lift 20 pounds, stand at least two hours in an eight hour workday, sit and push and pull without restriction, and only occasionally climb, kneel, crouch, and crawl. (AR 317-318).

The ALJ noted that Ann Lucas, LICSW, MSW, opined on December 22, 2003, that Plaintiff's prognosis was poor for being able to hold employment, he suffers from extreme fatigue and nausea, his health status varies causing difficulty in terms of work attendance and his mental health/emotional issues would hamper his ability to work. (AR 21, 271). Although the ALJ did not specifically reject Ms. Lucas' opinion, Ms. Lucas is neither a physician nor a licensed or certified psychologist. Therefore, her testimony and opinions do not qualify as "medical evidence . . . from an acceptable medical source" as required by the Social

///

1  Security regulations.  20 C.F.R. §§ 404.1513, 416.913.  In
2  addition, Ms. Lucas' finding are inconsistent with the weight of
3  the record evidence.
4     At the administrative hearing held on January 7, 2004, Arthur
5  Craig, M.D., testified that Plaintiff became symptomatic in July
6  of 1999; however, after three months of treatment for HIV, his
7  symptoms were under control.  (AR 399).  Dr. Craig noted that
8  there were no records from August 2000 to June 2002, and, in June
9  of 2002, he was back to pretreatment status.  (AR 400).  Dr. Craig
10 indicated that he presumed the regression was a result of being
11 non-compliant with treatment.  (AR 400, 405-406).  He noted that
12 Plaintiff had a good response to treatment in June of 2002.  (AR
13 400).  Dr. Craig testified that, in July of 2003, after resuming
14 treatment for his HIV, Plaintiff was doing "really pretty darn
15 good," and had few or no symptoms.  (AR 406).
16    Dr. Craig noted that Dr. Osborn, an internist at the VA who
17 specializes in the treatment of HIV, was a very reliable source.
18 (AR 401).  Dr. Craig agreed with Dr. Osborn's diagnosis of HIV,
19 with most symptoms controlled with treatment, and with Dr.
20 Osborn's restriction of Plaintiff to sedentary work.  (AR 401).
21    Dr. Craig stated that there was no 12 month continuos period
22 of time where Plaintiff would have been considered disabled.  (AR
23 402-404).  At most, Dr. Craig opined that Plaintiff would have
24 been unable to work for a period of six to nine months.  (AR 404).
25 He stated that, within three months of treatment, Plaintiff had
26 "gotten over all his systemic symptoms."  (AR 404).  Dr. Craig
27 testified that in 1999 Plaintiff was seriously ill and could not
28 ///

work; however, Plaintiff got significantly better within a 12 month period of time between July 1999 and July of 2000. (AR 411). By July of 2000, Plaintiff could work. (AR 411).

The ALJ relied upon the upon the medical evidence of record as a whole, as well as the opinions of medical expert Craig. (AR 20-23). While Plaintiff suggests a more favorable interpretation of the evidence, the ALJ's interpretation is rational and properly supported.[2] The undersigned finds that the ALJ's review and assessment of the medical evidence of record is without error. Substantial record evidence supports the ALJ's RFC determination that Plaintiff is able to perform a wide range of sedentary exertion work. (AR 22-23).

**C.  Vocational Expert Testimony**

Plaintiff also contends that the ALJ erred by relying on the vocational expert's testimony in response to a hypothetical not presented by Plaintiff's representative. (Ct. Rec. 14, pp. 50-52). The Commissioner responds that the ALJ properly relied on the vocational expert's testimony which was supported by substantial evidence and free of error. (Ct. Rec. 18, pp. 10-11).

Social Security Ruling ("SSR") 82-61 provides that, pursuant to 20 C.F.R. § 404.1520(e) and § 416.920(e), a claimant will be found not disabled when it is determined that she retains the RFC to perform either the actual functional demands and job duties of

///

---

[2] The Court must ultimately uphold the Commissioner's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). It is not the role of the Court to second-guess the Commissioner. If evidence supports more than one rational interpretation, the court must uphold the decision of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61.

"If a claimant shows that he or she cannot return to his or her previous job, the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  Therefore, the burden shifts to the ALJ to identify specific jobs existing in substantial numbers in the national economy that Plaintiff can perform despite his identified limitations only after Plaintiff has established a prima facie case of disability by demonstrating he cannot return to his former employment. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986).  The ALJ can satisfy this burden by either (1) applying the grids or (2) taking the testimony of a vocational expert.  *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).

As determined in "Section B" above, the weight of the record evidence in this case supports the ALJ's ultimate RFC finding that Plaintiff was capable of performing a wide range of sedentary work.  *See supra*.  At the administrative hearing held on January 7, 2004, the vocational expert testified that with the restrictions determined by the ALJ, Plaintiff retained the capacity to perform his past relevant work as a personnel clerk as well as a significant number of jobs existing in the national economy, including the positions of cashier II, telemarketer, assembler, and appointment clerk.  (AR 439-441).  Since the vocational expert's testimony was based on a proper RFC finding by the ALJ, Plaintiff's argument is without merit.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.  Based on the foregoing, the undersigned concludes that the ALJ properly determined that Plaintiff is not disabled within the meaning of the Social Security Act.  Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 13**) is **DENIED**.

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 17**) is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendant, file this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** this file.

**DATED** this ___8th___ day of November, 2006.

                                            s/Michael W. Leavitt
                                            MICHAEL W. LEAVITT
                              UNITED STATES MAGISTRATE JUDGE